Opinion issued September 15, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00744-CR

———————————

IN RE DENNIS
FEATHERSTON, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Dennis Featherston, has filed a pro se petition for writ of
mandamus in this court.  See Tex.
Gov’t Code § 22.221 (Vernon 2004); see
also Tex. R. App. P. 52.  Relator complains that respondent* has not ruled on his motion for
judgment nunc pro tunc to grant him additional pre-sentence jail time credit.  See Ex
parte Ybarra, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (holding that appropriate
procedural vehicle to obtain pre-sentence jail time credit is to present issue
to trial court by way of a nunc pro tunc motion and, if trial court fails to
respond, to seek mandamus relief in court of appeals).

To obtain mandamus relief, relator must establish that the act sought to
be compelled is ministerial and that he has no adequate remedy at law.  State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S
.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a motion that is properly
filed and before the court is a ministerial act.  State ex
rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).
 To establish that the trial court abused
its discretion by failing to rule, a relator must show that the trial court (1)
had a legal duty to perform a nondiscretionary act, (2) was asked to perform
that act, and (3) failed or refused to do so.  See
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  

Specifically, a relator must show that the trial court received
the motion, was aware of it, and was asked to rule on the motion.  See id.  Here, relator has attached a copy of the motion
for judgment nunc pro tunc, which he claims to have filed in the trial court on
August 19, 2011.  However, relator has
not provided this court with a file-stamped copy of the motion or any other
documents to show that a properly filed motion is pending before the trial
court.  See id; see also Tex. R. App. P 52.3(k) (requiring
certified or sworn copy of any order complained of, or any other document
showing matter complained of, to be included in appendix); Tex. R. App. P. 52.7(a) (providing that
relator must file with petition certified or sworn copy of every document that
is material to relator’s claim for relief and that was filed in any underlying
proceeding).  

In addition, relator has not provided us with a record
showing that the trial court received his motion, was aware of it, was asked to
rule on it, and refused to rule.  See Barnes, 832 S.W.2d at 426.  All petitioners for writ of mandamus,
including those acting pro se, must furnish a record sufficient to support the
claim for mandamus relief.  See id.; see also Tex. R. App. P.
52.3(k), 52.7(a); Walker v. Packer,
827 S.W.2d 833, 837 (Tex. 1992).

Furthermore, a trial court has a reasonable time to perform
the ministerial duty of considering and ruling on a motion properly filed and
before the court.  In re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).  Relator filed his mandamus petition in this
court on August 29, 2011.  If we accept
as true his statement in his mandamus petition, relator filed his petition in
this court 10 days after he filed his motion for judgment nunc pro tunc in the
trial court on August 19, 2011.  Implicitly,
relator contends that 10 days is a reasonable time for the trial court to rule
on the motion for judgment nunc pro tunc.  However, relator has not explained why a 10-day
period is a reasonable time.  See Barnes, 832 S.W.2d at 426 (concluding
what constitutes reasonable time is dependent on circumstances of each case).

Accordingly, we deny the petition for writ of mandamus.  See Tex. R. App. P. 52.8(a).

 

 

                                                                                    Laura Carter Higley                                                                                             Justice

 

Panel
consists of Justices Keyes, Higley, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











*           Respondent
is The Honorable Joan Campbell of the 248th District Court, Harris County,
Texas.  Relator informs us that this
original proceedings arises out of Cause No. 1294217, styled State of Texas v. Dennis Featherston,
pending in the 248th District Court, Harris County, Texas, the Honorable Joan
Campbell, presiding.